IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS LEBRON, | ) |
| | ) |
| Plaintiff | ) Civil Action No.:  3:19cv02125-MEM |
| | ) |
| LUMBER LIQUIDATORS, INC. | ) |
| | ) |
| Defendant | ) |

# ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Lumber Liquidators, Inc. ("Defendant"), by counsel, hereby states the following as its Answer to the Complaint:

1. Upon information and belief, Defendant admits the allegations of paragraph 1 of the Complaint.

2. In regard to the allegations of paragraph 2 of the Complaint, Defendant admits that it is a Virginia corporation, but it denies the remaining allegations of said paragraph.

3. Defendant admits the allegations of paragraph 3 of the Complaint.

4. The allegations of paragraph 4 of the Complaint purport to paraphrase and characterize the contents of the Complaint, which speaks for itself, and all allegations attempting to paraphrase or characterize the Complaint are denied.  In addition, Defendant denies all allegations of paragraph 4 to the extent they state or

imply that Defendant has engaged in any unlawful or wrongful conduct, including, but not limited to, harassing, discriminating or retaliating against Plaintiff.  In regard to the allegations of footnote 1, which is part of paragraph 4, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's intent to amend his Complaint, and therefore Defendant denies such allegations.  Defendant further denies all allegations in footnote 1 to the extent they state or imply that Defendant has engaged in any unlawful or wrongful conduct.

5. The allegations of paragraph 5 of the Complaint address issues of jurisdiction to which no response is required.  Defendant denies all allegations in paragraph 5 to the extent they misstate the law in any manner.  Defendant further denies all allegations to the extent they state or imply that it is engaged in any unlawful conduct or wrongdoing.

6. In regard to the allegations of the first sentence of paragraph 6 of the Complaint, Defendant admits that Plaintiff seeks declaratory relief in this action, but it denies that any such relief is warranted or appropriate.  The allegations of the second sentence of paragraph 6 address the appropriateness of venue in the Middle District of Pennsylvania, which is a question of law to which no response is required.  Defendant denies all such allegations to the extent they misstate the law in any manner.  Defendant further denies that any "events or omissions" giving rise to a cause of action occurred in the Middle District of Pennsylvania or anywhere else.

7. The allegations of paragraph 7 of the Complaint refer to the Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission, which Charge speaks for itself, and Defendant denies all allegations to the extent they attempt to paraphrase or characterize the Charge. Defendant denies all allegations of paragraph 7 to the extent they state or imply that it engaged in any unlawful or wrongful conduct. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore denies them.

8. In regard to the allegations of paragraph 8 of the Complaint, Defendant admits that the EEOC issued a Dismissal and Notice of Rights, which is dated September 17, 2019, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and therefore denies them.

9. In regard to the allegations of paragraph 9 of the Complaint, Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC, but it denies the remaining allegations of said paragraph.

10. In regard to the allegations of paragraph 10 of the Complaint, Defendant admits that Plaintiff began his employment on or about July 31, 2016, as an Assistant Store Manager in Wilkes-Barre, Pennsylvania, but it denies the remaining allegations of said paragraph.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and therefore denies them.

12. In regard to the allegations of paragraph 12 of the Complaint, Defendant admits, upon information and belief, that at one time Plaintiff was dating an African-American female, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph and therefore denies them.

13. In regard to the allegations of paragraph 13 of the Complaint, Defendant admits that during Plaintiff's employment, he worked at the same store with Mark Allen, a Caucasian male, who is the store manager of the Wilkes-Barre store, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph and therefore denies them.

14. Defendant denies the allegations of paragraph 14 of the Complaint and its sub-parts (a) and (b).

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. In regard to the allegations of paragraph 17 of the Complaint, Defendant admits that Plaintiff contacted Defendant's Integrity Hotline and made a complaint, but it denies the remaining allegations of said paragraph.

18. In regard to the allegations of paragraph 18 of the Complaint, Defendant admits that Plaintiff was permitted to stay home for a period of time during Defendant's investigation of Plaintiff's complaint, but it denies the remaining allegations of said paragraph.

19. In regard to the allegations of paragraph 19 of the Complaint, Defendant admits that it informed Plaintiff on or about February 20, 2019, that it had completed its investigation and found no discrimination, but it denies the remaining allegations of said paragraph.

20. In regard to the allegations of paragraph 20 of the Complaint, Defendant admits that at the close of the investigation, it informed Plaintiff that going forward he and Mr. Allen should be able to work together professionally and respectfully, but it denies the remaining allegations of said paragraph.

21. In regard to the allegations of paragraph 21 of the Complaint, Defendant admits that at the end of the investigation, Plaintiff requested a certain meeting among certain individuals, which request was denied.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

26. Defendant denies the allegations of paragraph 26 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

27. Defendant denies the allegations of paragraph 27 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

28. As its response to paragraph 28 of the Complaint, Defendant incorporates its response to paragraphs 1 through 27 as though fully set forth herein.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

31. Defendant denies the allegations of paragraph 31 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

32. Defendant denies the allegations of paragraph 32 of the Complaint as conclusions of law to which no responsive pleading is required.  To the extent the allegations are deemed to be factual in whole or in part, they are denied.

33. Defendant denies the allegations of the un-numbered "Wherefore" clause following paragraph 32 of the Complaint and further denies that Plaintiff is entitled to any damages or other relief whatsoever.

34. As its response to paragraph 33 of the Complaint, Defendant incorporates its response to all foregoing paragraphs of the Complaint as though fully set forth herein.

35. Defendant denies the allegations of paragraph 34 of the Complaint.

36. Defendant denies the allegations of paragraph 35 of the Complaint as conclusions of law to which no responsive pleading is required.  To the extent the allegations are deemed to be factual in whole or in part, they are denied.

37. Defendant denies the allegations of paragraph 36 of the Complaint as conclusions of law to which no responsive pleading is required.  To the extent the allegations are deemed to be factual in whole or in part, they are denied.

38. Defendant denies the allegations of paragraph 37 of the Complaint as conclusions of law to which no responsive pleading is required.  To the extent the allegations are deemed to be factual in whole or in part, they are denied.

39. Defendant denies all allegations of the un-numbered Wherefore clause following paragraph 37 of the Complaint and denies that Plaintiff is entitled to any damages or other relief.

40. As its response to paragraph 38 of the Complaint, Defendant incorporates its response to all foregoing paragraphs as though fully set forth herein.

41. Defendant denies the allegations of paragraph 39 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

42. Defendant denies the allegations of paragraph 40 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

43. Defendant denies the allegations of paragraph 41 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

44. Defendant denies the allegations of paragraph 42 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

45. Defendant denies the allegations of paragraph 43 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

46. Defendant denies the allegations of paragraph 44 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

47. Defendant denies all allegations of the un-numbered Wherefore clause following paragraph 44 of the Complaint and denies that Plaintiff is entitled to any damages or other relief.

48. As its response to paragraph 45 of the Complaint, Defendant incorporates its response to all foregoing paragraphs as though fully set forth herein.

49. Defendant denies the allegations of paragraph 46 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

50. Defendant denies the allegations of paragraph 47 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

51. Defendant denies the allegations of paragraph 48 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

52. Defendant denies all allegations of the un-numbered Wherefore clause following paragraph 48 of the Complaint and denies that Plaintiff is entitled to any damages or other relief.

53. Defendant denies the allegations of the Wherefore clause set forth in the Section entitled "Ad Damnum/Prayer For Relief" and each of its sub-parts and further denies that Plaintiff is entitled to any of the relief Request in sub-parts a., b., c., d., e., f., g., h., i., or j.

## AFFIRMATIVE DEFENSES

Defendant hereby states the following additional defenses to each and every allegation contained in Plaintiff's Complaint but does not assume a burden of proof on any such defense, except as required by applicable law.  Defendant reserves the right to assert other affirmative and additional defenses and to otherwise supplement this Answer.

54. All allegations not expressly admitted are hereby denied.

55. The Complaint fails to state a claim upon which relief can be granted.

56. All claims brought pursuant to Title VII of the Civil Rights Act of 1964 that were not included in Plaintiff's Charge of Discrimination filed with the EEOC or the Pennsylvania Human Relations Commission are barred because of the failure to satisfy the statutory prerequisites or because of a lack of subject matter jurisdiction.

57. All claims brought pursuant to Title VII with respect to acts or events occurring prior to 300 days before the filing of Plaintiff's Charge with the EEOC are barred by the applicable statute of limitations or statutory procedural requirements.

58. Some or all of Plaintiff's purported claims may be barred because Plaintiff failed to exhaust his administrative remedies.

59. Some or all of Plaintiff's claims may be barred because Defendant maintained, disseminated and enforced a clear policy against harassment establishing reasonable and effective means of reporting and because Defendant acted in accordance with this policy at all times.

60. Some or all of Plaintiff's claims are barred to the extent he failed to place Defendant on notice of the alleged misconduct in a timely manner, failed to take advantage of a preventive or corrective opportunity provided by Defendant, and failed to provide Defendant a reasonable opportunity to stop or correct the alleged misconduct and/or to remedy the alleged harm, which Defendant denies occurred.

61. Some or all of Plaintiff's claims are barred because, to the extent Plaintiff reported any alleged harassment, discrimination or retaliation, Defendant promptly investigated the report and responded appropriately.

62. Plaintiff's claims are barred because he has failed to mitigate his damages.

63. Plaintiff is not entitled to some or all of the relief requested in the Complaint because even if Defendant were found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which

Defendant denies, Defendant would have taken the same action with regard to Plaintiff's employment, regardless of any impermissible factors.

64. To the extent discovery may show, Plaintiff's claims and the relief requested in the Complaint are barred or otherwise limited by after-acquired evidence.

65. The circumstances of this matter are such that Plaintiff should not be awarded any attorneys' fees.

WHEREFORE, Defendant Lumber Liquidators, Inc., hereby requests that the Complaint be dismissed and that it be awarded its costs and attorney's fees incurred herein.

February 10, 2020                    **LUMBER LIQUIDATORS, INC.**

By /s/ Janeen Olsen Dougherty
Grey Street Legal, LLC
356 N. Pottstown Pike, Suite 200
Exton, PA  19341
(610) 594-4739
FAX:  (610 594-4733
janeen.dougherty@greystreetlegal.com
*Counsel for Lumber Liquidators, Inc.*

David E. Constine, III, VSB No. 23223
*To be Admitted Pro Hac Vice*
Troutman Sanders LLP
1001 Haxall Point
Richmond, VA  23219
(804) 697-1258
FAX:  (804) 697-1339
david.constine@troutman.com
*Counsel for Lumber Liquidators, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of February, 2020, a true and accurate copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

>Steve T. Mahan, Esquire
>Derrek W. Cummings, Esquire
>Larry A. Weisberg, Esquire
>Weisberg Cummings, P.C.
>2704 Commerce Drive, Suite B
>Harrisburg, PA  17110

>By /s/ Janeen Olsen Dougherty
>    Grey Street Legal, LLC
>    356 N. Pottstown Pike, Suite 200
>    Exton, PA  19341
>    (610) 594-4739
>    FAX:  (610 594-4733
>    janeen.dougherty@greystreetlegal.com
>    *Counsel for Lumber Liquidators, Inc.*